09-0248-ag
Riaz v. Holder

BIA
Defonzo, IJ
A097 524 083

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 2nd day of March, two thousand ten.

PRESENT:
        ROBERT D. SACK,
        ROBERT A. KATZMANN,
                *Circuit Judges*,
        DENNY CHIN,[*]
                *District Judge.*

———————————————————————————————————————

MOHAMMAD RIAZ,
        *Petitioner*,

        v.                                      09-0248-ag

ERIC H. HOLDER JR.,
U.S. ATTORNEY GENERAL,[**]
        *Respondent*.

———————————————————————————————————————

---

[*] The Honorable Denny Chin of the United States District Court for the Southern District of New York, sitting by designation.

[**] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), United States Attorney General Eric H. Holder Jr. is substituted for former Attorney General Michael B. Mukasey as Respondent in this case.

FOR PETITIONER:        MICHAEL RADIGAN, Attorney, Khagendra
                       Gharti-Chhetry, Chhetry &
                       Associates, P.C., New York, N.Y.

FOR RESPONDENT:        JAMES A. HURLEY, Attorney, Tony West,
                       Assistant Attorney General, Thomas
                       B. Fatouros, Senior Litigation
                       Counsel, Office of Immigration
                       Litigation, Civil Division, United
                       States Department of Justice,
                       Washington, DC

UPON DUE CONSIDERATION of this petition for review of a
Board of Immigration Appeals ("BIA") decision, it is hereby
ORDERED, ADJUDGED, AND DECREED, that the petition for review
is DENIED.

Petitioner Mohammad Riaz, a native and citizen of
Pakistan, seeks review of the December 18, 2008 order of the
BIA affirming the November 7, 2006 decision of Immigration
Judge ("IJ") Paul A. Defonzo denying his application for
asylum, withholding of removal, and relief under the
Convention Against Torture ("CAT"). *In re Mohammad Riaz*,
No. A097 524 083 (B.I.A. Dec. 18, 2008), *aff'g* No. A097 524
083 (Immig. Ct. N.Y. City Nov. 7, 2006). We assume the
parties' familiarity with the underlying facts and
procedural history of the case.

When the BIA does not expressly "adopt" the IJ's
decision, but its decision closely tracks the IJ's

reasoning, we may consider both the IJ's and the BIA's opinions for the sake of completeness. *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008).

The BIA reasonably affirmed the IJ's finding that Riaz failed to prosecute his applications for asylum, withholding of removal, and CAT relief. Under 8 C.F.R. § 1003.31(c), an "Immigration Judge may set and extend time limits for the filing of applications and related documents . . . . If an application or document is not filed within the time set by the Immigration Judge, the opportunity to file that application or document shall be deemed waived." We review an IJ's decision to establish and enforce deadlines for the submission of documents for abuse of discretion. *See Dedji v. Mukasey*, 525 F.3d 187, 191 (2d Cir. 2008).

On October 28, 2005, the IJ informed Riaz that he had until January 6, 2006 to present an application for asylum and withholding of removal. That deadline was later extended to March 31, 2006. On March 31, 2006, Riaz indicated that he did not prepare an application for asylum and withholding, but that instead, he had decided to pursue an application for alternative relief under the LIFE Act. The IJ told Riaz that if he did not present an asylum and

3

withholding application that day, it would be denied for failure to prosecute. He gave Riaz time to consider the matter with counsel. After conferring with counsel, Riaz declined to file any application, and thus, the IJ denied it for lack of prosecution. Then, on August 18, 2006, Riaz reversed course, and sought to submit an application for asylum and withholding. The IJ found that Riaz's stated excuses did not justify his failure to file by the deadline, and reiterated that the denial stood.

As the BIA found, the IJ did not abuse his discretion in denying Riaz's application for failure to prosecute. Although Riaz was fully aware of the ramifications of failing to adhere to the IJ's instructions—having been warned that his application would be denied if it was not filed by March 2006—Riaz opted not to file his application within that mandated time period.

Riaz also asserts that the BIA erred by denying his motion to remand. A motion to remand that relies, as here, on newly available evidence is held to the substantive requirements of a motion to reopen. *Li Yong Cao v. U.S. Dep't of Justice*, 421 F.3d 149, 156 (2d Cir. 2005). Thus, it "shall not be granted unless it appears to the Board that

4

evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." 8 C.F.R. § 1003.2(c)(1). We review the BIA's denial of a motion to remand for abuse of discretion. *See Li Yong Cao*, 421 F.3d at 157.

Riaz argues that, in denying his motion to remand, the BIA erred by engaging in improper factfinding in determining that the evidence he submitted concerning his brother-in-law's alleged kidnapping did not support his asylum claim. This argument is unavailing. Indeed, to adjudicate a motion to remand, the BIA must assess the materiality of the evidence the movant submitted to determine whether he or she "demonstrat[ed] a likelihood that the new evidence presented would alter the result in the case [on remand]." *Id.* at 156. Here, after considering the evidence, the BIA reasonably concluded that Riaz had failed to show that its introduction would result in a different outcome. Accordingly, the BIA's denial of his motion was not an abuse of discretion.

As a final matter, counsel of record before us appears to have represented him in the administrative proceedings below. Understandably, such counsel do not raise the issue of their own possible ineffectiveness in the course of those

5

proceedings. As we understand the record, however, the IJ warned counsel on October 28, 2005 that failure to bring an application for asylum to the next hearing might result in denial of the application for failure to prosecute. The record suggests that such an application would have at least been colorable. Despite having five months to prepare it, counsel did not bring such a petition to the subsequent hearing. The IJ, as noted earlier, nonetheless opted not to deny the application outright, permitting counsel until the end of the day to file such an application. Counsel specifically declined this invitation to file, choosing instead to pursue an application for temporary residency under the LIFE Act.

But the LIFE Act application appears to have been invalid on its face because the petitioner did not meet the minimum residency requirement. This fact was placed on the record by counsel for the government during the March 31, 2005 hearing. The petitioner's counsel nonetheless made no effort to have the IJ reconsider his denial of the asylum application.

We are not in a position to determine here whether the petitioner would succeed on a claim for ineffective assistance of counsel given the extremely stringent

6

procedural requirements of *In re Lozada*, 19 I. & N. Dec. 637, 639 (BIA 1988); *see also In re Compean*, 25 I. & N. Dec. 1 (A.G. 2009) (*Lozada* controls until such time, if any, as the Department of Justice establishes a superseding framework for review). But it appears to us, at minimum, that counsel fell short of his responsibilities to his client. We therefore instruct counsel specifically to call our concerns to the petitioner's personal attention so that he is able to assess what further action he might pursue.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

7